# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVELYN FINNEY as Administrator of the Estate of CLIFFORD FINNEY,** | Civ. No. 4:09-1751 |
| **Plaintiff** | |
| v. | |
| **SUPERINTENDENT PAUL A. PALAKOVICH,** *et al.*, | J. Rambo |
| **Defendants** | |

## MEMORANDUM

Before the court is a discovery request, (Doc. 91), made by Plaintiff to obtain a peer review report from Defendant MHM Correctional Services Inc. ("MHM"). For the reasons that follow, MHM will not be required to produce the peer review.

## I.  Background[1]

On August 19, 2010, Plaintiff filed a letter with the court requesting a conference to discuss an apparent discovery dispute. (Doc. 91.) In an email dated August 26, 2010, the court granted the request and allowed Defendants until September 2, 2010, to file a response to the letter. On September 3, 2010, after being granted a one day extension by the court, Defendants MHM and Dominguez filed responses. (Doc. 92, 93.) On September 4, 2010, Plaintiff filed a reply letter. (Doc. 94.) On September 8, 2010, a discovery conference was held in chambers, oral argument was presented, and the court is now in ready to rule on the discovery request.

---

[1] The factual allegations in the complaint have been thoroughly set out in this court's Memorandum and Order dated July 23, 2010, (Doc. 86), and need not be reiterated here.

**II.     Discussion**[2]

During discovery, Plaintiff requested that Defendants MHM and Dominguez produce a medical peer review of Dominguez. Although only MHM is in possession of the document,[3] both parties argue that it is privileged under the Pennsylvania Peer Review and Protection Act ("Peer Review Act"), 63 Pa. Stat. Ann. §§ 425.1 *et seq.*, which protects peer review reports of professional health care providers. The court agrees.

Under the Peer Review Act, proceedings and records compiled during the review of a professional health care provider, are not required to be discovered or produced into evidence during litigation. *Id.* § 425.4. This is a Pennsylvania state privilege, and no parallel federal privilege exists. However, in the instant case, Plaintiff has brought both federal and state claims, therefore, it must be determined if federal common law or State law will apply. Federal Rule of Evidence 501 states as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts or the United States in the light of reason and experience. However, in civil actions or proceedings, with respect to an element of a claim or defense as to which State law supplied the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

---

[2] Although other matters were discussed at the discovery conference, everything but the peer review document was resolved without incident.

[3] It appears Dr. Dominguez was not actually employed by MHM but was instead an independent contractor hired when psychiatric positions needed to be filled temporarily.

2

Fed. R. Evid. 501. The authors of this rule recognized the Supreme Court's observation that "the common law is not immutable but flexible, and by its own principles adapts itself to varying conditions." *Jaffee v. Redmond*, 518 U.S. 1, 8 (1996) (quoting *Funk v. United States*, 290 U.S. 371, 383 (1934).) Therefore, this court must determine whether a peer review privilege applies which "promotes sufficiently important interests to outweigh the need for probative evidence." *Jaffee*, 518 U.S. 9,10 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980).) Any asserted privilege must "serve public ends." *Id.* at 11 (quoting *Upjon Co. v. United States*, 449 U.S. 383, 389 (1981).) Based on the evidence before the court, and after *in camera* inspection of the four-page document in question, the court believes that "reason and experience" persuade the court that the privilege applies.

The *Jaffee* court considered the following factors when determining whether the court would recognize a State psychotherapist-patient privilege:

- the need for "confidence and trust" in a profession. *Id.* at 10.
- whether a broader public good is established by acknowledging the privilege. *Id.* at 11.
- the likely evidentiary benefit admitting the evidence would provide. *Id.*
- the frequency with which state laws have recognized the privilege.

*Id.* at 13. In the instant case, all of these factors weigh in favor of supporting the recognition of a peer review privilege.

Although the report in question was created after the prisoner's suicide attempts, it was prepared in anticipation of potential full time employment of Dr. Dominguez, not in response to the suicides. Plaintiff relies on the case of *Weiss v. County of Chester*, 231 F.R.D. 202 (E.D. Pa. 2005), to analogize a similar report where our sister court declined to extend the peer review privilege. However, that

case is distinguishable. In *Weiss*, the report at issue was a Mortality Review Report which was prepared in direct response to the prisoner's suicide. *Id.* at 5. In contrast, the report in this case was compiled as an assessment for MHM to decide if they wished to hire Dr. Dominguez as a full time psychiatrist, or to keep her as a private contractor. Thus, the peer review would have been done regardless of the prisoners' suicides.

These reviews are necessary so that companies such as MHM can have trust and confidence that the doctors they hire to review potential employees are candid and truthful, and not fearful of future litigation. It does not serve a prisoner's or the public's best interest to have a peer review done where health care providers have to request that nothing be in the report that may subject the health care providers to liability in the future. If institutions are subject to liability for after-the-fact, self-critical analysis, then this critical analysis will inevitably stop, and institutions will have little incentive to make observations that are designed to improve services.

In addition, little evidentiary value is gained by allowing this document to be discovered. The peer review report is a four-page document compiled for the purpose of deciding the future full time employment of Dr. Dominguez by MHM. Without this report, there is voluminous documentary evidence consisting of medical records, adjustment records, Pennsylvania State Police reports, and a deposition from every doctor involved. Plaintiff if free to have experts review this material and opine on whether they believe MHM and/or Dr. Dominguez acted appropriately under the circumstances of this case. One four-page document compiled independent of the underlying facts of the case does not provide sufficient evidentiary value to outweigh the other factors discussed above.

Finally, although no federal peer review privilege has been recognized, all fifty states recognize the privilege in one manner or another. *See Ray v. Pinnacle*

4

*Health Hospitals*, 2008 WL 2168899, at *1 (M.D. Pa. 2008); *Hadix v. Caruso*, 2006 WL 2925270, at *2 (W.D. Mich. 2006).

Plaintiff relies heavily on this court's decision in *Ray*, however, that case is easily distinguishable.  In *Ray*, the plaintiff was claiming racial discrimination as the reason he was not given staff privileges at the defendant hospital.  The peer review in question was at the heart of the litigation, i.e. was there a legitimate reason Plaintiff was not provided staff privileges, or was it the result of discriminatory conduct.  Here, the report was incidental to the prisoner's suicide, and does not concern the crux of the underlying litigation, nor is it necessary to prove Plaintiff's case.

For the aforementioned reasons, the court concludes that under the specific circumstances of this case, after weighing the factors considered in *Jaffe v. Redmond*, 518 U.S. 1 (1996), the peer review report is privileged and not discoverable.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  September 15, 2010.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVELYN FINNEY as administrator of the estate of CLIFFORD FINNEY,** | : : : : | **Civ. No. 4:09-1751** |
| **Plaintiff** | : : | |
| v. | : : : | |
| **SUPERINTENDENT PAUL A. PALAKOVICH, *et al.*,** | : : : | **J. Rambo** |
| **Defendants** | : : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's request for the peer review report, (Doc. 91), is **DENIED**.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: September 15, 2010.